UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 98-60094
Summary Calendar

SHIRLEY STUCKEY, As Mother and Natural Guardian
of Tonya Wilkins and as Personal Representative of
the Wrongful Death Beneficiaries of Charlie Jones,
Deceased, ET AL.,

Plaintiffs,

SHIRLEY STUCKEY, As Mother and Natural Guardian
of Tonya Wilkins and as Personal Representative of
the Wrongful Death Beneficiaries of Charlie Jones,
Deceased; T. H. SCIPPER, As the Administrator of
the Estate of Bobby Gates, Deceased,

Plaintiffs-Appellants,

VERSUS

ILLINOIS CENTRAL RAILROAD; NATIONAL RAILROAD
PASSENGER CORPORATION "AMTRAK",

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi
(2:96-CV-47-B-B)

October 22, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

On February 3, 1996 at approximately 12:45 p.m. a southbound Amtrak train operating on Illinois Central Railroad tracks struck a vehicle being driven by Bobby Gates which contained a passenger, Charlie Jones, at a crossing in Quitman County, Mississippi. Both Jones and Gates died at the scene as a result of the collision. On the date of the accident, the weather was clear and sunny but it was bitterly cold and there was two to three inches of ice and snow on the road. The railroad crossing was located in a rural area and was marked with both a crossbuck and a stop sign. The tracks were elevated. Just prior to the collision, the vehicle in which the decedents were riding was traveling southbound, on a road that ran parallel to the tracks. The train was likewise traveling southbound. To cross the tracks, the decedents' vehicle had to make an approximately 90 degree turn toward the west. After turning west, there is a short incline leading up to the crossing. Shirley Stuckey, as the personal representative of the wrongful death beneficiaries of Charlie Jones, filed suit in the state court against the Illinois Central Railroad Company and the National Railroad Passenger Corporation ("Amtrak") (hereinafter the "railroad defendants") and against the administrator of the estate of Bobby Gates, the deceased driver. The railroad defendants removed the case from the state district court to the United States

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

District Court of Mississippi, Delta Division. Stuckey timely filed a motion to remand which the district court denied. The railroad defendants then filed a motion for summary judgment alleging that there were no material issues of genuine fact and that the defendants were entitled to summary judgment. The federal district court granted the railroad defendants' motion for summary judgment and Stuckey perfected this appeal.

We have carefully reviewed the briefs, the reply brief, the record excerpts and relevant portions of the record itself. For the reasons stated by the district court in its Memorandum Opinion filed under date of June 5, 1996, we are satisfied that the district court did not err in denying Stuckey's motion to remand. For the reasons stated by the district court in its Memorandum Opinion filed under date of February 10, 1998, we are satisfied that the district court did not err in granting the railroad defendants' motion for summary judgment. Accordingly, the Final Judgment entered by the district court on February 10, 1998 is **AFFIRMED.**